UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE EDWARD FLEMING,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>J. LIZARRAGA, WARDEN,<br><br>　　　　　　　Respondent. | No. 2:18-cv-3121 DB P<br><br>ORDER AND FINDINGS AND RECOMMENDATION |

Petitioner, a state prisoner proceeding pro se, seeks habeas relief pursuant to 28 U.S.C. § 2254 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2).

For the reasons stated below, the court shall grant petitioner's motion to proceed in forma pauperis. However, the undersigned shall also recommend that this action be summarily dismissed.

**I.　IN FORMA PAUPERIS APPLICATION**

Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. (See ECF No. 2). Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

////

////

1

## II. RELEVANT FACTS

Petitioner, a state prisoner currently housed at Mule Creek State Prison ("MCSP"), is challenging the Board of Prison Hearings' ("BPH") December 2015 decision to deny him parole for five years. (ECF No. 1 at 1, 5-8). He raises two claims in the instant petition: (1) that his due process rights under the Fourteenth Amendment were violated when the BPH failed to consider evidence supporting his parole, and (2) that the BPH ignored evidence that he had gained insight into his crime by participating in self-help groups and therapy. (See id.).

The relief petitioner seeks is a reversal of the BPH's decision to deny his parole for the next five years. He also asks to be granted parole. (See ECF No. 1 at 15).

## III. STANDARD OF REVIEW

Rule 4 of the Habeas Rules Governing Section 2254 Cases requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Federal habeas relief is not available for alleged errors of state law. Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).

## IV. APPLICABLE LAW

### A. Scope of Federal Habeas Review

Parole decisions and attendant proceedings are creatures of, and are governed by, state law. See, e.g., Valdivia v. Schwarzenegger, 599 F.3d 984, 991 (9th Cir. 2010) (stating California parole revocation proceedings are governed by state law). Therefore, challenges to such proceedings are generally unreviewable in federal court. See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law."); Lewis, 497 U.S. at 780. A federal habeas petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1997).

////

### B. Procedural Due Process Standard for Parole Matters

There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (citing Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979)); see Roberts v. Hartley, 640 F.3d 1042, 1045 (9th Cir. 2011). This being said, California law does create a liberty interest in parole. See Swarthout, 562 U.S. at 219) (citations omitted); Roberts, 640 F.3d at 1045. This interest, however, is a *state* interest. Swarthout, 562 U.S. at 220.

In Swarthout, the Supreme Court stated that when a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication, and federal courts are to review the application of those constitutionally required procedures. Swarthout, 562 U.S. at 220. With respect to parole, the Supreme Court has held that the due process procedures required are minimal. Id. (citing Greenholtz, 442 U.S. at 16). Specifically, the Court has found that a prisoner subject to a parole statute similar to California's received adequate process when he was provided an opportunity to be heard and was given a statement of the reasons why his parole was denied. See Swarthout, 562 U.S. at 220 (citing Greenholtz, 442 U.S. at 16). In other words, there is no substantive due process right created in California's parole scheme. Roberts, 640 F.3d at 1046. As long as the state has afforded the procedural protections required in Greenholtz and Swarthout, that is the end of the matter for purposes of the Due Process Clause. See id. "The Constitution," the Court has said, "does not require more." Swarthout, 562 U.S. at 220 (quoting Greenholtz, 442 U.S. at 16).

### V. DISCUSSION

The claims in the instant petition do not permit a grant of federal habeas relief for petitioner for two reasons. First, petitioner's claims allege that when up for parole consideration, the BPH: (1) did not consider the fact that as someone with an ambulatory disability, he is "not currently dangerous" and is "unlikely . . . to commit violence," and (2) ignored evidence that because he has participated in self-help groups and therapy, he has "gained insight into his crime" and now knows "the value of learning new moral codes of conduct," which include having a

sense of remorse. (ECF No. 1 at 5, 7). These claims ultimately question the BPH's proceedings and final decision. Parole decisions and related proceedings are governed by state law. See, e.g., Valdivia, 599 F.3d at 991. As a result, petitioner's challenges to the BPH's proceedings and to its decision are generally unreviewable in federal court.

Federal habeas relief is also not possible in this case because despite the fact that the State of California has created a liberty interest in parole (see Swarthout, 562 U.S. at 219-20), the due process review to which petitioner is entitled when determining whether that liberty interest has been adequately protected is minimal. All that needs to be shown is that petitioner was provided an opportunity to be heard and that he was given a statement of the reasons why his parole was denied. Swarthout, 562 U.S. at 220 (citing Greenholtz, 442 U.S. at 16).

Petitioner is not stating that he was denied the opportunity to be heard at his parole hearing, nor is he alleging that he did not receive a statement regarding the reasons why his parole was denied. (See generally ECF No. 1 at 1-15). Specifically, petitioner makes no claims that he was denied the opportunity to present evidence to the BPH of his degenerative foot and spine condition and evidence that he has gained insight about his crime and has remorse regarding it. On the contrary, petitioner's claim appears to indicate that he was, in fact, able to present this evidence at his BPH parole hearing. (See generally id. at 5-8). The fact that the evidence presented to the BPH did not lead to a grant of parole for him is irrelevant.

Next, petitioner makes no claim that he did not receive a statement from the BPH regarding the reasons why his parole was denied. (See generally ECF No. 1 at 1-15). Indeed, implicit in the fact that the petition states with specificity what petitioner believes the BPH did not consider indicates that he likely received a statement from the BPH which explained the reasons behind its denial of parole.

In sum, the right to present evidence and the receipt of an explanatory statement from the BPH regarding why petitioner's parole request was denied are all that is required of procedural due process review. Petitioner makes no argument that he was denied this process, and his statements in the record support the court's finding that he did receive it. If, however, petitioner
////

was, in fact, denied this process, he is welcome to state as much in any objections he files to these findings.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is GRANTED, and
2. The Clerk of Court randomly assign a District Court Judge to this action.

IT IS FURTHER RECOMMENDED that this action be summarily DISMISSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 13, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:13
DB/ORDERS.ORDERS.PRISONER.HABEAS/flem3121.scrn.dsms.of&r